UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FLETCHER ANDREW GREER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:16-cv-01646-JMS-TAB |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence,
Directing Entry of Final Judgment,
and Denying a Certificate of Appealability**

Fletcher Andrew Greer on April 2, 2015, pled guilty to four counts of robbery affecting interstate commerce (Hobbs Act robbery) and one count of brandishing a firearm during the commission of a crime of violence. *United States v. Greer*, No. 1:14-cr-0237-JMS-DKL-3 (S.D. Ind.) He did not appeal. Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), invalidating the residual clause of the Armed Career Criminal Act, Greer commenced this action pursuant to 28 U.S.C. § 2255. Greer contends that *Johnson* applies to his brandishing a firearm conviction, imposed pursuant to 18 U.S.C. § 924(c), because the reasoning of *Johnson* causes Hobbs Act robberies to not be considered crimes of violence.

Counsel was appointed for Greer, but counsel withdrew before a brief supporting Section 2255 relief could be filed. Following counsel's withdrawal, Greer was directed to either file a voluntary dismissal or a brief in support of his motion by June 2, 1997. Greer did not respond, and on June 19, 2017, the Court directed Greer to either brief his motion or file a voluntary dismissal no later than August 21, 2017. Again, Greer did not respond. Because the motion has never been briefed, the United States has not answered or responded.

Rather than dismiss this action for failure to prosecute, the Court elects to proceed under Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* and conduct a preliminary review of Greer's motion. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

Greer argues that pursuant to *Johnson*, his conviction under 18 U.S.C. § 924(c) for brandishing a firearm during the commission of a violent felony – in other words a Hobbs Act robbery – is invalid because Hobbs Act robberies are not crimes of violence. This argument has been rejected by the Seventh Circuit. In *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), the court held that a "Hobbs Act robbery is a "crime of violence" within the meaning of § 923(c)(3)(A)." Hobbs Act robberies are violent felonies because they qualify under the elements clause of 18 U.S.C. § 924(c)(3)(A). *Id.*; *accord, United States v. Armour*, 840 F.3d 904, 907-08 (7th Cir. 2016).

In other words, Greer was sentenced for his firearm use under a specific statutory provision and not the residual clause of section 924(c)(3)(B). Thus the reasoning of *Johnson* is inapplicable and does not invalidate Greer's sentence.

Therefore, it plainly appears from the face of Greer's motion and the record of prior proceedings that Greer is not entitled to relief. Pursuant to Rule 4(b) of the *Rules Governing*

*Section 2255 Proceedings for the United States District Courts* the Court now **dismisses this action.**

Judgment consistent with this Entry shall now issue. **The clerk is directed** to docket a copy of this Entry in case number 1:14-cr-00237-JMS-DKL-3.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Greer has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED**.

Date: 9/1/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

Fletcher Andrew Greer
#12252-028
FCI-Elkton
Inmate Mail/Parcels
P.O. BOX 10
Lisbon, OH 44432