UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00237-JMS-KMB-3 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FLETCHER ANDREW GREER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:14-cr-00237-JMS-KMB |
| FLETCHER ANDREW GREER, | ) -03 |
| Defendant. | ) ) ) |

**ORDER**

Defendant Fletcher Andrew Greer seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Dkt. 218. For the reasons explained below, Mr. Greer's motion is **denied**.

**I. Background**

In 2015, Mr. Greer pled guilty to four counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (counts 1-4), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (count 5). Dkt. 130. The Court sentenced him to concurrent terms of 96 months of imprisonment on counts 1 – 4, and 84 months of imprisonment on count 5, consecutive to counts 1 – 4. The Court also imposed 3 years of supervised release.

Mr. Greer filed his motion for compassionate release pro se. Dkt. 218. In his submission, Mr. Greer argues that he establishes extraordinary and compelling reasons for compassionate release

---

[1] Mr. Greer requests that "if the Honorable Court finds itself needing too, that a STAY be GRANTED until the passage of the new amendments [from the Sentencing Commission], so that the Court may apply those deemed applicable" (emphasis in original). Dkt. 218 at 14. The Court declines to stay its decision on Mr. Greer's motion. It does not appear that the reasons that Mr. Greer has stated would be considered extraordinary and compelling, under the current or new Sentencing Commission guidelines. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last accessed Aug. 3, 2023). Nevertheless, granting a stay to any defendant who files a motion before the potential November 1 effective date of the new guidelines is not an efficient management of the Court's docket. If Mr. Greer believes he has grounds for compassionate release under the proposed new guidelines, he is free to file another motion once the guidelines are in effect.

2

because he was serving his sentence throughout the entire COVID-19 pandemic and the Court did not anticipate such harsh conditions when sentencing him. Mr. Greer also argues that he was young when he committed his crimes and has fully accepted responsibility for his actions. Mr. Greer next argues that his anticipated enrollment in the Residential Drug Abuse Program is an extraordinary and compelling reason for release. Mr. Greer argues that because he has zero criminal history points, he has established an extraordinary and compelling reason for release. Finally, Mr. Greer argues that he has served almost 75% of his sentence. The Court concludes that it does not require a response from the United States to resolve Mr. Greer's motion.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Greer first argues that due to the BOP's mishandling of the COVID-19 pandemic, the last three years have been more difficult than the Court anticipated at sentencing. Allegations that the BOP has mishandled the pandemic might form the basis for relief in a civil suit filed in Mr. Greer's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16,

3

2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up); *United States v. Montez*, No. 22-1988, 2023 WL 3431239, at *2 (7th Cir. May 12, 2023) (medical issue can be addressed through vehicles other than compassionate release) (cleaned up).

Every inmate at Mr. Greer's facility, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past few years. Mr. Greer has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Thus, the Court declines to exercise its discretion to find that Mr. Greer carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Greer next argues that he was young when he committed his crimes and has fully accepted responsibility for his actions. Unfortunately, many defendants commit serious crimes at young ages and are sentenced to lengthy sentences. The fact that Mr. Greer was relatively young when he was sentenced is not an extraordinary and compelling warranting relief under § 3582(c)(1)(A), whether alone or in combination with any other factors. *United States v. Taylor*, No. 1:08-39, 2021 WL 3164528, at *3 (S.D. Ind. July 27, 2021). Similarly, many defendants also fully accept responsibility for their crimes; that is not extraordinary.

Mr. Greer next argues that his anticipated enrollment in RDAP is an extraordinary and compelling reason for release. As with his other reasons, acceptance and participation in RDAP is not extraordinary. Many inmates successfully complete RDAP. It is not an extraordinary and compelling reason for compassionate release, whether considered alone or together with any other reason.

The fact that Mr. Greer had zero criminal history points is also not an extraordinary and compelling reason for release. The Court considered Mr. Greer's zero criminal history points during his sentencing. He received such a lengthy sentence, despite the lack of criminal history, because of the serious nature of his crimes. His lack of criminal history is not now an extraordinary and compelling reason for release, whether considered alone or together with any other reason.

Finally, Mr. Greer argues that because he has completed 75% of his sentence, he has established an extraordinary and compelling reason for release. The Court does not agree. While the Court may consider the portion of this sentence that he has served when evaluating the 18 U.S.C. § 3553 sentencing factors, it is not an extraordinary and compelling reason to grant compassionate release. Nearly all inmates eventually serve 75% of their sentences. Reaching such a goal is not extraordinary.

In sum, the Court does not find that any of the arguments made by Mr. Greer establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Greer's motion for compassionate release, dkt. [218], is **denied**.

**IT IS SO ORDERED.**

Date: 8/15/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Fletcher Andrew Greer
Register Number: 12252-028
USP Lee
U.S. Penitentiary
P.O. Box 305
Jonesville, VA  24263